IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALONZO HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00441 |
| | ) | |
| BOARD OF PAROLES | ) | JUDGE CAMPBELL |
| MEMBERS/CHAIRMAN, *et al.*, | ) | MAGISTRATE JUDGE |
| | ) | NEWBERN |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Alonzo Haynes, an inmate of the Williamson County Jail in Franklin, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against "Board of Paroles Members/Chairman," Stacee Patterson, Director of Parole, Karen Watson, Scott Thompson, Richard Obryan, Richard Montgomery, Zan Duncan, Gary M. l/n/u, Tim Gobble, Barrett Rich, and Roberta R. Kustoff, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**III.     Alleged Facts**

Plaintiff was arrested in Williamson County, Tennessee, on September 5, 2017, for aggravated domestic assault. That arrest led to the revocation of his parole. When Plaintiff appeared in court on September 26, 2017, the domestic assault charge was dismissed. Plaintiff then sought an appeal of the revocation of his parole and, after a hearing, that appeal was denied. Plaintiff contends that the hearing members violated his rights by denying him parole. (Doc. No. 1 at 4-6).

**IV.     Analysis**

Plaintiff alleges that his parole was improperly revoked and that he is entitled to be released and have his parole reinstated. He names as Defendants the "Board of Paroles Members/Chairman," Stacee Patterson, an unnamed Director of Parole, Karen Watson, Scott Thompson, Richard Obryan, Richard Montgomery, Zan Duncan, Gary M. l/n/u, Tim Gobble, Barrett Rich, and Roberta R. Kustoff. As best the Court can discern from the complaint, all of the named individual Defendants are members of the parole board and/or members with authority to grant or deny Plaintiff's request for an appeal of the revocation of his parole.

A suit against the Board of Paroles is actually a suit against the state of Tennessee. *Pennhurst State Sch.. & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L.Ed.2d 67 (1984). The Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has a waived its immunity. *Quern v. Jordan*, 440 U.S. 332, 337 (1979), *overruled on other grounds by Hafer v. Melo*, 502 U.S. 21, 27 (1991); s*ee Cowan v. Univ. of Louisville Sch. of Med.*, 900 F.2d

936, 940 (6th Cir. 1990) ("a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Tennessee has not waived its immunity. *Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986); *Gross v. Univ. of Tenn.*, 620 F.2d 109, 110 (6th Cir. 1980). Furthermore, a state is not a person within the meaning of Section 1983. *Will v. Michigan*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). Plaintiff's claims against the Board of Paroles, or the state of Tennessee, are therefore barred by the Eleventh Amendment and do not fall within the purview of Section 1983. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim against state parole board under the Eleventh Amendment, citing *Pennhurst*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984)).

Defendant members of the Board of Parole, including the parole hearing director, hearing officer, and parole administrator, are likewise absolutely immune from damages liability. "[A] parole board is entitled to absolute immunity for activities related to 'the execution of parole revocation procedures.'" *Wright v. McClain*, 626 F. Supp. 1073, 1074 (W.D. Tenn. 1986) (citations omitted). Parole board members enjoy absolute "quasi-judicial" immunity for actions taken in connection with determining whether to grant or deny parole. *Farrish v. Miss. State Par. Bd.*, 836 F.2d 969, 973–74 (5th Cir. 1988). *See also Murray v. Miller*, No. 89-5506, 1989 WL 149987, at *1 (6th Cir. Dec. 12, 1989) (holding "[t]he district court correctly concluded that the defendants are immune from suit for damages under 42 U.S.C. § 1983. Individual members of state boards uniformly have been found to have absolute immunity from suit for damages."); *Robinson v. Bd. of Paroles*, 1989 WL 68024, at *1(6th Cir. June 23, 1989) (affirming district court's holding that suit for monetary damages against Tennessee Board of Parole members was

4

frivolous). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against Defendants "Board of Paroles Members/Chairman," Stacee Patterson, an unnamed Director of Parole, Karen Watson, Scott Thompson, Richard Obryan, Richard Montgomery, Zan Duncan, Gary M. l/n/u, Tim Gobble, Barrett Rich, and Roberta R. Kustoff.

Finally, to the extent that the Court could construe Plaintiff's complaint as one seeking review of the Parole Board's substantive decision to deny Plaintiff's appeal of the Board's decision revoking his parole, the complaint seeks relief that is only available through a habeas petition, not by way of Section 1983 civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir.1985). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Not all challenges to parole determinations are barred under this standard. Indeed, "procedural challenges to parole eligibility hearings will rarely, if ever, 'necessarily imply' the invalidity of a prisoner's conviction or continued confinement" and "there also may exist procedural challenges to parole determination or suitability hearings that will likewise not 'necessarily imply' the invalidity of a prisoner's conviction or continued confinement." *Dotson v.*

*Wilkinson*, 329 F.3d 463, 470 (6th Cir. 2003), *aff'd Wilkinson v. Dotson*, 544 U.S. 74 (2005). If a prisoner seeks only "new eligibility review, which at most will speed consideration of a new parole application" or "a new parole hearing at which [state] parole authorities may, in their discretion, decline to shorten his prison term," those claims may proceed under Section 1983. *Wilkinson*, 544 U.S. at 82. But if success will require "a judicial determination that necessarily implies the unlawfulness of the State's custody," a prisoner may only bring that claim in habeas. *Id*. at 81.

Here, success on Plaintiff's claims would necessarily imply the invalidity of his continued incarceration. Although Plaintiff challenges, to some extent, the procedures used at his revocation hearing,[1] he believes that he is being subject to unjustified confinement because Defendants did not reinstate his parole after his aggravated domestic assault charge was dismissed. Indeed, Plaintiff seeks "immediate relief if still detained" in the form of "release and reinstatement on parole." (Doc. No. 1 at 6). He does not seek a new revocation hearing. However, prisoners must "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement . . . indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81.

The means and procedures used by the Parole Board are not the primary target of Plaintiff's complaint; the target is the result of his continued incarceration. Such an indirect challenge to the duration of confinement must be brought in a habeas corpus action and not a Section 1983 civil rights action.

V.   **Conclusion**

---

[1] In an attachment to his application to proceed in forma pauperis, Plaintiff lists thirteen instances of "hearing officer misconduct," including a denial of Plaintiff's right to have counsel during his revocation hearing and a denial of his right to remain silent. (Doc. No. 2 at 8-9). However, these allegations are not included in Plaintiff's complaint, which includes only one "count" entitled: "Fraudulent Detainment." (Doc. No. 1 at 4).

For the reasons explained above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against all Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiff's claims regarding the constitutionality of his continued confinement will be dismissed without prejudice, should Plaintiff wish to pursue them via the appropriate route.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE